AGUAYO, PLAINTIFF AND APPELLEE, v. VÁZQUEZ, DEFENDANT (COTTO, INTERVENOR AND APPELLANT).

APPEAL from the District Court of Guayama in an Action of Debt.

No. 3351.—Decided January 21, 1925.

INTERVENTION—ATTACHMENT—PRIVATE INSTRUMENT — EVIDENCE. — Although a private instrument legally acknowledged has the same value as a public instrument with regard to the parties to it and their legal representatives, no effect or efficacy can be given to it against third persons except as provided by section 1195 of the Civil Code; therefore, the introduction of a document of this

kind as a basis for a complaint in intervention is not sufficient evidence, for its effect arises from the date of its introduction, which is subsequent to that of the attachment sought to be dissolved.

Id.—Pleading—Admission.—It can not be concluded that an allegation made under oath has been admitted when in his answer the defendant specifically states that he does not admit it, although he alleges that he has not sufficient information concerning the same.

The facts are stated in the opinion.

*Mr. J. J. Aponte* for the appellant.

*Mr. V. F. Rodríguez Ortiz* for the appellee.

Mr. Justice Franco Soto delivered the opinion of the court.

This is an appeal from a judgment of the District Court of Guayama dismissing in part a complaint in intervention praying the court to dissolve a certain attachment levied on an urban property in an action of debt brought by Carlos Aguayo against Nicolás Vázquez Hernández.

The ground of the lower court's judgment was the insufficiency of the evidence produced by the intervenor, inasmuch as he based his right of ownership on a private instrument by which the original defendant sold the property to the intervenor.

The evidence shows that the court below was right in applying the doctrine laid down by the Supreme Court in the case of *Córdova et al.* v. *Surís et al.*, 19 P.R.R. 1117, and in not giving the private document validity as against defendant Carlos Aguayo. As Aguayo was a third person, the intervenor should have produced the document clothed with any one of the formalities prescribed by section 1195 of the Civil Code in order to give it the authenticity required by that statute for producing the corresponding effects.

In the case of *Córdova et al.* v. *Surís et al., supra,* the Supreme Court construed said section 1195 in harmony with article 1227 of the Spanish Civil Code and expressed itself as follows:

"This is equivalent to section 1227 of the Spanish Civil Code, and in regard thereto the Supreme Court of Spain has said in its judgment of February 26, 1894:

" 'Although a private instrument legally acknowledged shall have, with regard to those who signed it and their legal representatives, the same force as a public instrument, no effect. or efficacy may be given thereto as to third persons without previously complying with the provisions of section 1227 of the Civil Code, and therefore the filing in a court of justice of a document of such a nature as a basis of a suit in intervention is not a sufficient proof inasmuch as its efficacy arises from the date of the presentation thereof, which is subsequent, therefore, to that of the title sought to be defeated.' See also *Hernández* v. *Ortiz,* 18 P.R.R. 1012; *Coto* v. *Rafas,* 18 P.R.R. 493.

"The attachment of the property in question could only be defeated by a public record or other grounds of nullity recognized in the law, but not by a private writing from the debtor to the appellants."

The plaintiff contends, however, that the allegations of the complaint were admitted in the answer because the complaint was verified and the allegations were not denied. The appellant's theory is that the mere averment that the defendant had not sufficient information concerning a certain matter is not a formal denial and should be considered as an admission. The basis of this argument is erroneous. The 5th and 6th counts of the complaint setting up ownership of the attached property were specifically denied and although as to the former Carlos Aguayo alleged that he had not sufficient information, yet he finally stated that he did not admit it.

For the foregoing reasons the judgment of the trial court is

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.